UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

* * * * * * * * * * * * * * * *

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION,

               Plaintiff,

VERSUS


BROUSSARD CATARACT AND
EYE INSTITUTE, DR. GERALD
BROUSSARD d/b/a/
BROUSSARD CATARACT AND
EYE INSTITUTE,


               Defendant.

    \* CIVIL ACTION NO.
    \*   97-0928
    \*
    \*
    \* JUDGE WALTER
    \* MAGISTRATE JUDGE KIRK

* * * * * * * * * * * * * * * * *

## CONSENT DECREE

On May 9, 1997 the Equal Employment Opportunity Commission ("the Commission") instituted Civil Action Number 97-0928 in the United States District Court for the Western District of Louisiana, charging Defendant, Dr. Gerald Broussard d/b/a Broussard Cataract and Eye Institute,("Broussard") with violations of Sections 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e(2)(a)(1) and (2), et seq. ("Title VII"), alleging that Defendant employer engaged in unlawful employment practices when he created an atmosphere in the workplace which was sexually hostile towards Deanne Griffin, Tonya Kerry Calhoun, Jane Black and

other similarly situated females to deprive them of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

The parties to this lawsuit now wish to resolve all claims and controversies encompassed by this lawsuit without the burden, expense or delay of further litigation, subject, however, to the approval of this Court.

Therefore, it is **ORDERED, ADJUDGED, AND DECREED** that:

1.    This Court has jurisdiction over the subject matter of this lawsuit and over the parties to this lawsuit.


2.    The purposes of Title VII will be furthered by the entry of this Decree, the terms of which constitute a fair and equitable settlement.


3.    The negotiation, execution and entry of this Decree will resolve any and all claims of Title VII violations brought by the Commission against Defendant, arising out of EEOC Charge Numbers 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, 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, 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 and Civil Action Number 97-0928.

4.    Neither the negotiation, execution nor entry of this Decree shall constitute an acknowledgment or admission of any kind by Defendant, that its officers, agents or employees have violated or have not been in compliance with Title VII or any other applicable law, regulation or order.

2

5.   This Decree relates only to the alleged violations raised in EEOC Charge Number 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, 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, 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 and Civil Action Number 97-0928 filed by the Commission in the United States District Court for the Western District of Louisiana, May 9, 1997.

6.   Defendant, its, owners, officers, agents, employees and successors or assigns shall not maintain or permit discrimination in the workplace based upon sex, against any person in their employ as complained of in EEOC Charge Numbers 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, 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, 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 and Civil Action Number 97-0928.

7.   Defendant shall post conspicuously at its facility, within ten (10) days of the entry of this Decree, a copy of a poster detailing Title VII prohibitions against sex discrimination and stating that employees who believe that they have been subjected to sex discrimination by a member of management, owner or a co-employee are encouraged to contact the Equal Employment Opportunity Commission to seek information or to file a charge of discrimination.  The actual poster will be provided to Defendant by Plaintiff for posting.  The notices will be posted for a period of one year.   Thereafter, copies of the poster entitled, "Equal Employment Opportunity is the Law" (GPO 920-752) will be permanently posted in place of the notices.

8.   Defendant, shall provide the Commission, within thirty (30) days of the entry of this Decree, with a copy of a current

policy against sex discrimination and sexual harassment in the workplace and certify to the EEOC that a copy of this policy has been distributed to each of its employees and owners. Defendant also shall certify to the EEOC, within sixty (60) days of the entry of this Decree, that its policy prohibiting retaliation has been distributed to each of its employees.

9.    Defendant, shall provide training on sex discrimination and sexual harassment to all of its employees, and owners specifically to include Dr. Gerald Broussard, to be conducted within a year of the entry of this Decree.  This request can be fulfilled by an authorized representative of Defendant, preferably a management official, attending an Equal Employment Opportunity Commission's Technical Assistance Program Training to be held prior to the expiration of this decree. That authorized representative will then provide the information received by attending the technical Assistance Program to the employees and owners of Defendant. Defendant shall certify to the EEOC, that all employees and owners have received sex discrimination and sexual harassment training in this manner after the authorized representative has completed briefing all employees and owners.

10. Defendant, shall comply with the prohibition against retaliation provisions under Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, and all other provisions of this Act.  Defendant specifically shall not retaliate against any

4

present or former employee who was a party to or a witness in this proceeding, including, but not limited to, providing adverse job references to prospective employers, employment agencies or credit reporting agencies or by taking any adverse employment action with respect to such individual affecting his or her pay, rights, or status as an employee.

11.   Defendant shall remove, within fifteen (15) day of the entry of this Decree, from its records and files any notation, remarks, or other indications evidencing that the services performed by Deanne Griffin, Tonya Kerry Calhoun and Jane Black, while employed by Defendant, were other than or anything less than satisfactory.   Defendant shall continue to maintain the separate nature of its personnel files of Deanne Griffin, Tonya Kerry Calhoun and Jane Black from its file containing information on the circumstances giving rise to EEOC Charge Numbers 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, 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, 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 and Civil Action Number 97-0928.   Defendant agrees that by maintaining the separate nature of these files, no employee or representative of Dr. Gerald Broussard, d/b/a Broussard Cataract and Eye Institute or of Dr. Gerald Broussard will refer to the file contents relating in any way to EEOC Charge Numbers 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, 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, 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 and Civil Action Number 97-0928.

12.   In the event that Defendant fails to perform its obligations herein, Plaintiff EEOC is empowered to enforce this Consent Decree through the applicable judicial enforcement

procedures and to seek sanctions which may be due as a result of the need to enforce this Decree.

13. This Consent Decree will remain in force for two (2) years from the date of entry of the Decree.

14.   Should any provision of this Decree be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Decree.

15.   The Decree sets forth the entire agreement between the Commission and Defendant, and fully supersedes any and all prior agreements or understandings between the Commission and Defendant, pertaining to the subject matter herein.

16.   The Commission and the Defendant will each bear their own attorney's fees and costs incurred in connection with the litigation of this case.

RECEIVED

APR 0 7 2000

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

17.   The Court shall retain jurisdiction of this action for purposes of enforcing this decree, if necessary.

**IT IS SO ORDERED.**

Monroe, Louisiana, this _____11_____ day of ___April___,

_____
UNITED STATES DISTRICT JUDGE
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

BY CONSENT:

ATTORNEYS FOR PLAINTIFF:

C. GREGORY STEWART
General Counsel

_____
KEITH T.HILL
Regional Attorney

_____
JEFFREY T. AGULAR
Supervisory Trial Attorney
W. D. Bar Roll No. 800078

_____
PAMELA ALFRED-GEORGE
Trial Attorney
Louisiana Bar Roll No. 16784
EQUAL EMPLOYMENT OPPORTUNITY
     COMMISSION
New Orleans District Office
701 Loyola Avenue, Suite 600
New Orleans, Louisiana 70113
Telephone:  (504) 589-2011
            (504) 589-6817
PAG/pag#18:BRUS.2CD:93098

ATTORNEY FOR DEFENDANT:

_____
LAWRENCE W. PETTIETTE, JR.
W.D. Bar Roll No.10486
PETTIETTE, ARMAND, DUNKELMAN
WOODLEY & BYRD
509 Market Street, Suite 200
Post Office Box 1786
Shreveport, Louisiana 71163
Telephone:(318) 221-1800

COPY SENT:
DATE: 4/13/00
BY: OB
TO: Alfred-George
Pettiette
wright

7